IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEPARTMENT OF CHILDREN AND
FAMILIES,

      Appellant,

 v.                                                                                    Case No.  5D16-1739

J.D.,

      Appellee.

_____/

Opinion filed August 5, 2016

Appeal from the Circuit Court
for Orange County,
Timothy R. Shea, Judge.

Rosemarie Farrell, of Children's Legal
Services, Orlando, for Appellant.

No Appearance for Appellee.


EDWARDS, J.

      The Florida Department of Children and Families ("DCF") appeals the trial court's

ruling that the court lacked jurisdiction to entertain a petition for injunction to prevent the

mother's paramour from having any form of contact with the seven-year-old child he was

accused of repeatedly raping.  The trial court clearly has jurisdiction to entertain petitions

for protective injunctions to prevent this type of abuse.  Because the trial court erred in

dismissing the petition based upon a perceived lack of jurisdiction, we reverse and remand for prompt consideration of the petition.

DCF was notified that a child, B.M., was allegedly being repeatedly sexually abused by her mother's paramour. Under such circumstances, a child protective investigator is required to perform a complete assessment of immediate child safety and either implement a safety plan to obviate the dangers or take the child into custody. *See* § 39.301(9)(a)6.a., Fla. Stat. (2016). Subsection 6.a. specifically mandates that when, as is the case here, "the perpetrator of domestic violence is not the parent, guardian, or legal custodian of the child, the child protective investigator shall seek issuance of an injunction . . . to implement a safety plan for the perpetrator and impose any other conditions to protect the child."[1] A safety plan including an injunction for protection of the child is an alternative to removal of the child from the family.

DCF promptly filed a petition for temporary and permanent injunctive relief to prohibit the mother's paramour from having any form of contact with B.M. The trial court granted the temporary injunction. However, at the permanent injunction hearing the trial court dismissed the case without prejudice because there was not an open dependency case. Specifically, Judge Shea stated: "I don't have jurisdiction for this. I'm not just going to be down here [in dependency court] doing injunctions. That's downtown stuff. It's criminal DV [domestic violence].[2] Denied."

---

[1] Sexual assault and sexual battery constitute both "domestic violence" and child "abuse." S*ee* § 741.28(2), Fla. Stat. (2016); § 39.01(3), Fla. Stat. (2016).

[2] The trial court may have been referring to proceedings and remedies available under Chapter 741, Florida Statutes.

The circuit court's exclusive jurisdiction attaches when, *inter alia*, "a petition for an injunction to prevent child abuse issued pursuant to [section] 39.504[,] [Florida Statutes 2016),] is filed." § 39.013(2), Fla. Stat. (2016). Although the circuit court's jurisdiction may also be triggered when DCF files a dependency petition, it is clear that an open dependency case is not required to entertain and issue section 39.504 injunctions. Thus, the trial court had jurisdiction to entertain and rule on the petition.

The trial court correctly noted that Chapter 39 states in section 39.013(2) that "[t]he circuit court may assume jurisdiction over any such proceeding," and in section 39.504(3) that "[f]ollowing the hearing, the court may enter a final injunction." The use of the word "may" rather than "shall" in this section recognizes that courts must be free to exercise broad discretion when choosing an appropriate remedy from the several that are authorized, while using the least intrusive effective means. *D.D. v. Dep't of Child. & Fams.*, 773 So. 2d 615, 616 (Fla. 5th DCA 2000) (quoting *D.H. v. Dep't of Child. & Fams.*, 769 So. 2d 424, 426 (Fla. 4th DCA 2000)). However, that discretion has limits. Once a petition for injunction to prevent child abuse has been filed, "the court shall set a hearing to be held at the earliest possible time." § 39.504(2) Fla. Stat. (2016). Lest there be any doubt about which court should entertain a section 39.504 petition for injunction, the legislature directs that "'[c]ourt,' unless otherwise expressly stated, means the circuit court assigned to exercise jurisdiction under this chapter." § 39.01(20) Fla. Stat. (2016). Under the circumstances here, we conclude that the trial judge abused his discretion by attempting to send this petition "downtown" for one of his colleagues sitting in a different division to handle as an adult domestic violence petition.

We reverse the order being appealed and remand this case to the trial court with instructions to promptly schedule and conduct an evidentiary hearing to determine if a permanent injunction should be issued prohibiting the mother's paramour from abusing or having any form of contact with B.M. We express no opinion as to whether the injunction should be issued, and nothing herein should be read as otherwise limiting the trial court's exercise of its sound judicial discretion.

REVERSED AND REMANDED.

TORPY and LAMBERT, JJ., concur.